UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY HICKMAN, | |
| Plaintiff, | No. 21 C 833 |
| v. | Judge Thomas M. Durkin |
| FAMILY DOLLAR, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ashley Hickman brings this *pro se* action against her former employer, Family Dollar, Inc. ("Family Dollar") for discrimination and retaliation on account of her race and color in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. R. 7. Family Dollar has moved to dismiss Hickman's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 15. For the following reasons, Family Dollar's motion is granted in part and denied in part.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Ashley Hickman is a Black woman of "lighter complexion." R. 7 at 16. In March 2020, she started working on a part-time basis for Family Dollar, Inc. at its location in Hazel Crest, Illinois. *Id.* at 7, 16. After about two weeks, she was transferred to the Family Dollar location in Flossmoor, Illinois ("the Store"). *Id.* at 7.

The majority of the staff at the Flossmoor location is Black, and the Store Manager, Jennifer, is Caucasian. *Id.* Hickman alleges she was subject to discrimination based on her race and color while employed at the Store. Specifically, she alleges she was improperly denied a promotion as well as at least one transfer. *Id.* at 8, 9-10. Hickman further alleges she was permitted 15-minute breaks instead of the required 30-minute breaks, or denied breaks altogether. R. 24 at 3. She alleges

she was harassed in multiple ways during her employment at the Store, often in front of customers. *Id*. at 3-4.

Hickman raised these concerns to her District Manager, Walter Torres, in private conversations. R. 7 at 8. Torres subsequently left his position as District Manager, causing Hickman to become anxious she would be fired as she alleges Jennifer knew she had complained to Torres. *Id*. at 9. On June 16, 2020, the Store employees faced a cut in their hours. *Id*. at 8. The reduced hours were based on a budget cut which Hickman alleges was fabricated by Jennifer in retaliation for her complaining to Torres. R. 24 at 3, 5.

Because she was not being given enough hours to support herself financially, Hickman sought a transfer with hopes of earning more hours and saving on her cost of commuting. R. 7 at 10-11. She alleges Jennifer foiled these transfer attempts by refusing to approve them or "vouch" for Hickman to other store managers. *Id*. at 10, R. 24 at 6. Due to the fear of losing her job or not retaining enough shifts at the Store to support herself, as well as alleged discrimination by Jennifer, Hickman applied to other jobs. R. 24 at 5. She eventually left the Store on or about August 2, 2020 and is now employed elsewhere. R. 7 at 11.

Hickman filed a charge with the Equal Opportunity Employment Commission ("EEOC") on October 20, 2020. R. 7 at 16. On her charge, she checked the boxes for discrimination based on color and retaliation. *Id*. In the "particulars" section of her charge, she indicated that she was constructively discharged. The EEOC issued a

Notice of Right to Sue on November 18, 2020. *Id*. at 21. Hickman then commenced this action on February 16, 2021.

Hickman brings a claim for discrimination on the basis of race under § 1981 and Title VII (Count I), discrimination on the basis of color under § 1981 and Title VII (Count II), and retaliation (Count III) under Title VII.

## Analysis

Family Dollar argues Hickman's race discrimination claim is outside the scope of her EEOC charge and should thus be dismissed. R. 16 at 1. It also argues Hickman's claims of failure to promote, failure to transfer, and harassment exceed her EEOC charge and are thus ripe for dismissal. *Id*. Family Dollar further argues Hickman has not sufficiently stated a claim for color discrimination, retaliation, or constructive discharge. *Id*. The analysis is twofold: whether Hickman sufficiently pled her claims under Title VII, and whether she sufficiently pled race and color discrimination under § 1981. The Court will address each argument in turn.

### I. Hickman's EEOC Charge

The Seventh Circuit has held "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Courts have "adopted a liberal standard for reviewing the scope of an EEOC charge." *Williams v. Cook Cty.*, 969 F. Supp. 2d 1068, 1077 (N.D.Ill. Aug. 28, 2013) (citing *Farrell v. Butler Univ.*, 421 F.3d 609, 616 (7th Cir. 2005)). Generally, Title VII plaintiffs may raise only claims they addressed with the EEOC or claims which are "like or reasonably related to" allegations in the EEOC charge. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 2009). Courts apply a

4

two-part test to determine whether allegations in a complaint are within the scope of an EEOC charge. *Williams*, 969 F.Supp.2d at 1077 (citing *Farrell*, 421 F.3d at 616). First, there must be a reasonable relationship between the allegations in the charge and those in the complaint. *Cheek*, 31 F.3d at 500. Second, claims in the complaint must be reasonably expected to "grow out of an EEOC investigation of the allegations in the charge." *Id*. Put simply, to be "'like or reasonably related,' the claim and the EEOC charge must, 'at a minimum, describe the same conduct and implicate the same individuals.'" *Moore v. Vital Prods.*, 641 F.3d 253, 257 (7th Cir. 2011) (quoting *Cheek*, 31 F.3d at 501).

On her EEOC charge, Hickman checked only the boxes for "color" and "retaliation," and stated that she was constructively discharged. Family Dollar moves to dismiss her claims for race discrimination, failure to promote, failure to transfer, and harassment, arguing they are outside the scope of her EEOC charge.

### A. Hickman's Claim for Race Discrimination is Outside the Scope of her EEOC Charge, but Survives Dismissal Under Section 1981.

Family Dollar argues Hickman's claim for race discrimination is ripe for dismissal as being outside the scope of her EEOC claim. Family Dollar is correct, but Hickman's race discrimination claim may still move forward under § 1981.

Hickman's claim for race discrimination, so far as she alleged it under Title VII, is dismissed as being outside the scope of her EEOC claim. Hickman did not raise her race discrimination claim when she filed her charge with the EEOC, nor did she include any information regarding her race (other than stating she has lighter complexion) in the "particulars" section. However, Hickman's complaint indicates

that her claim for race discrimination is also brought under § 1981. R. 7 at 4. There is no exhaustion requirement for Section 1981 claims as there is for Title VII claims. *See Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007) (explaining that claims brought under § 1981 "[do] not require a plaintiff to bring an EEOC charge before filing a claim in federal court."). Further, Hickman is within the four-year statute of limitations allotted to claims brought under § 1981. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Because Hickman sued for race discrimination under § 1981, as well as Title VII, R. 7 at 4, she may bypass the exhaustion requirement and proceed with her claim of race discrimination under § 1981. *Fane*, 480 F.3d at 539. Her claim for race discrimination under Title VII is dismissed.

### B. Hickman's Harassment Claim is Within the Scope of her EEOC Charge.

Hickman's harassment claim is within the scope of her EEOC charge. "In the context of Title VII cases, the word 'harassment' frequently describes conduct that defines the phrase 'hostile work environment.'" *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826,832 (7th Cir. 2015) (citing *Hildebrandt v. Ill. Dep't. of Nat. Res.*, 347 F.3d 1014, 1032-33 (7th Cir. 2003). Harassment informs the hostile work environment analysis, which reviews various conduct that ridicules, humiliates, intimidates, or insults. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Hickman's language in her EEOC charge does not expressly allege harassment, but refers to "different terms and conditions of employment." R. 7 at 16. An EEOC investigation into this claim would reasonably encompass any harassment claim involved in the different terms and conditions of employment Hickman faced

at Family Dollar. Additionally, Hickman's harassment claim involves the same conduct and implicates the same individual—her Store Manager—as her color discrimination and retaliation claims. Reviewing Hickman's EEOC charge liberally, and keeping in mind she brings this claim *pro se*, harassment is reasonably related to the language used to describe her color discrimination and retaliation claims, and is within the scope of her EEOC charge.

### C. Hickman's Failure to Promote and Transfer Claims are within the Scope of her EEOC Charge.

Defendant is correct that Hickman did not include failure to promote or failure to transfer in her EEOC charge. She did, as this Court has explained, complain of "different terms and conditions" she was subjected to based on the color of her skin, including "having [her] hours reduced and not receiving [her] breaks." R. 7 at 16. In comparing the contested claims with those alleged in her EEOC charge (retaliation), this Court finds that they are reasonably related. Claims of failure to promote and failure to transfer may grow out of an investigation into Hickman's retaliation claim, which she alleges took the form of reduced hours and shorter or no breaks (some of the reasons she sought a transfer). Her claims involve the same – or substantially the same – conduct as her EEOC charge indicates, as "different terms and conditions" can be interpreted to include denied transfers or promotions when others may be receiving transfers or promotions—an inquiry to be fleshed out in discovery.

### II.    Retaliation

"To plead a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment

7

action as a result of that activity" *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). To survive a motion to dismiss, "[a]n employee need not present proof of a causal link between the protected expression in which the plaintiff engaged … and the adverse employment action of which he is complaining." *Id.* (citing *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 897 (7th Cir.2003) (internal quotations omitted)).

Family Dollar argues Hickman has failed to present an adverse employment action in support of her retaliation claim, focusing much of its argument on this Court's determination in *Adam v. Obama for America*, 210 F. Supp. 3d 979 (N.D. Ill. 2016) that the plaintiff had not alleged an adverse employment action. R. 25 at 4. In support, Family Dollar points out that, in *Adam*, this Court rejected "petty slights, minor annoyances, and bad manners" as insufficient to plead an adverse employment action. *Id.*; *Adam*, 210 F. Supp. 3d at 988. The defense overlooks an important distinction. In *Adam*, this Court held that the actions alleged by the plaintiff were not adverse, in part because they did not affect her wealth. *Id.* The Court made a point to note that the *Adam* plaintiff's change in job title did not affect her pay and thus did not cause actual harm. *Adam*, at 989-91 (citing *Atanus v. Perry*, 520 F.3d 662, 678 (7th Cir. 2008)). Here, Hickman alleges, among other things, that her hours were reduced significantly in direct retaliation for her complaining to a superior, and that she was arbitrarily denied transfers, causing her to continue with a costly commute. *See Luevano*, 722 F.3d at 1029 (finding the reduction of work hours to be a materially adverse action which, in conjunction with a complaint to a supervisor, was

8

sufficient to state a claim of retaliation). Taking her allegations as true, that she complained to her superior and her financial status was being impacted, she has sufficiently pled an adverse action. The motion to dismiss the retaliation claim is denied.

### III. Discrimination on the Basis of Race and Color Under Section 1981

42 U.S.C. § 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)).

To state a claim for employment discrimination, a plaintiff need only identify: (1) the type of discrimination; (2) the person responsible for the discrimination; and (3) when the discrimination occurred. *See Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). In this context, intent can be alleged generally, and specific allegations of discriminatory intent are not yet required – rather, the plaintiff need only allege her employer "instituted an adverse employment action against [her] based on [her] [protected status]." *Phillips v. Baxter*, 768 Fed. App'x. 555, 559 (7th Cir. 2019) (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013)). "The plaintiff is not required to include allegations—such as the existence of a similarly situated comparator—that would establish a prima facie case of discrimination." *Carlson*, 758 F.3d at 827. This is so because "[e]mployers are familiar with discrimination claims and know how to

9

investigate them, so little information is required to put the employer on notice of these claims." *Id*.

## A. Contractual relationship

Section 1981 has a contractual relationship requirement, and plaintiffs must have rights under an existing contract that she wishes "to make and enforce." *Domino's Pizza Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006). The statute currently defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Domino's Pizza, Inc.*, 546 U.S. at 475. In the employment context, the statute prohibits an employer from discriminating against an employee on the basis of race. *Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005). Hickman has met the contractual requirement for Section 1981: she was an employee of Family Dollar at all relevant times in this matter.

## B. Race and Color Discrimination

Hickman is a Black woman of lighter complexion and alleges her hours were reduced and breaks denied because of her race and color. These are all the facts she needs to state a claim of race discrimination or color discrimination. She will eventually need to show that the Defendant acted with discriminatory intent, but the Seventh Circuit has explained that such a showing is not required at the pleading stage. *See Geinosky v. City of Chicago*, 675 F.3d 743, 748 n.3 (7th Cir. 2012) ("Even in a case where a plaintiff would need to identify a similarly situated person to prove

10

his case … we see no basis for requiring the plaintiff to identify the person *in the complaint*.") (emphasis in original).

Although Hickman's EEOC charge alleges color discrimination, her complaint alleges both race and color discrimination. Taking her allegations as true, the discriminatory acts seem to focus on both her color and race. While it is true that there is ambiguity in this case because Hickman's support for her race and color claims appears to coincide, that is not a sufficient basis for dismissing her claim at this time. *See Shamim v. Siemens Industry, Inc.*, 854 F.Supp.2d 496, 509 (N.D.Ill. Mar. 30, 2012) (citing *Mehta v. Des Plaines Dev. Ltd.*, 122 Fed.Appx. 276, 278-79 (7th Cir. 2005)) (determining that national origin discrimination claims survived where plaintiff alleged discrimination based on both race and national origin, and the categories appeared to overlap). While the facts which support her claim of color discrimination are, for the most part, the same facts which support her claim of race discrimination, the Court finds that Hickman has sufficiently alleged what is required of her: she is a member of a racial minority, and she suffered adverse actions based on her race and color. Accordingly, the Court declines to dismiss her § 1981 claim for discrimination on the basis of race, as well as her § 1981 and Title VII claim for discrimination on the basis of color, and finds that the same adverse actions are sufficiently pled under both theories of discrimination.

### C. Adverse Actions

To prevail on a discrimination claim in the employment context, a plaintiff must allege that her employer subjected her to adverse actions. See *Shott v. Katz*, 829

F.3d 494, 497 (7th Cir. 2016). An employee must show "some quantitative or qualitative change in the terms or conditions of [her] employment or some sort of real harm." *Chaib v. Indiana*, 744 F.3d 974, 982 (7th Cir. 2014). Such changes "can involve the employee's current wealth, career prospects, or changes to work conditions that include humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in the workplace." *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016). Although a reduction in monetary benefits is one form of adverse employment action, the Seventh Circuit has "broadly defined an adverse employment action" and has held it "can encompass other forms of adversity." *Stutler v. Illinois Dept. of Corrections*, 263 F.3d 698, 703 (7th Cir. 2001) (citing *Smart v. Ball State Univ.*, 89 F.3d 437, 439 (7th Cir. 1996)).

In her complaint, Hickman alleges failure to promote, failure to transfer, harassment, and constructive discharge. These can all be considered adverse employment actions for purposes of a Section 1981 discrimination or retaliation claim, and this Court considers them as such.[1]

---

[1] *See, e.g., Fischer v. Avanade, Inc.*, 519 F.3d 393, 408-09 (7th Cir. 2008) and *Williams v. Waste Mgmt. of Ill., Inc.*, 361 F.3d 1021, 1032 (7th Cir. 2004) (constructive discharge as an adverse employment action); *Hill v. Potter*, 625 F.3d 998 (7th Cir. 2010) (failure to promote can constitute an adverse employment action); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 900 (7th Cir. 2003) ("the denial of an opportunity to move to a [higher paying] position... constitutes a materially adverse employment action."); *Stutler*, 263 F.3d at 704 (explaining harassment, when severe, can constitute an adverse employment action).

### 1. Failure to Promote

Family Dollar argues Hickman's claim for failure to promote must fail because she admits she did not apply for the promotion at issue. R. 16 at 3; R. 24 at 4; R. 7 at 8. In so arguing, Family Dollar holds Hickman to an evidentiary standard by requiring her to establish a prima facie case for failure to promote, which is not required of her at the pleadings stage. *See Twombly*, 550 U.S. at 569, 570. Hickman is not yet required to present a prima face case for failure to promote. Further, where a plaintiff did not apply for a promotion, she can show that "had [the employer] approached her, she would have accepted the position." *Fischer*, 519 F.3d at 402 n.2. Hickman admits her Store Manager did inform her of the promotion, but then improperly withheld the application when Hickman inquired about applying. R. 24 at 4. She believes this action, as all actions she alleges in her complaint, was due to her race and color. Under these facts, Hickman has alleged a plausible failure to promote.[2]

---

[2] Plaintiffs who did not apply for a promotion also have the option of showing such an application would have been futile, releasing them from the prima facie requirement of applying. *See, e.g., Teamsters v. United States*, 431 U.S. 324, 365–66, 14 FEP 1514 (1977) ("When a person's desire for a job is not translated into a formal application solely because of his unwillingness to engage in a futile gesture he is as much a victim of discrimination as is he who goes through the motions of submitting an application."); *Lloyd v. Phillips Bros., Inc.*, 25 F.3d 518, 523 (7th Cir. 1994) (where employer ordinarily accepts applications for certain promotion but plaintiff is deterred from applying by very discriminatory practices he is protesting and can show he would have applied absent practices, plaintiff makes out prima facie case of discriminatory failure to promote). Establishing futility is a high bar, but the failure to apply for the promotion, on its own, does not prevent Hickman from moving into the discovery phase.

### 2. Failure to Transfer

Hickman alleges she requested a transfer to a store location closer to her residence. R. 7 at 10. She wanted the transfer in order to decrease her commuting expenses. *Id*. at 7. Family Dollar argues Hickman's claim must fail because she did not allege she applied for the transfer, nor did she allege Family Dollar denied the transfer or that another person received it. R. 16 at 4. The Court disagrees. Hickman did not apply for a *promotion*, but her complaint specifically says "Store manager denied and would [not] approve transfer."[3] R. 7 at 4. Hickman goes on to say her Store Manager "refused to approve a transfer." *Id*. at 7. Hickman explains the transfer would have provided a "convenient and affordable commute," which would have compensated for the fact that she was scheduled for the "lowest amount of hours each week." *Id*. Hickman does not expressly allege that she applied for the transfer, but the Court can plausibly infer that she applied because she alleges her transfer was denied. The transfer couldn't have been denied unless she applied for it.

The Court can also plausibly infer that Hickman would have received more hours than the "lowest possible" amount if transferred, R. 7 at 7, making it a potentially higher paying position. Thus, because the denial of transfer resulted in fewer hours, it is plausibly an adverse employment action. *See Barton v. Zimmer, Inc.*, 662 F.3d 448, 453-54 (7th Cir. 2011) ("The Seventh Circuit has explained that [adverse employment] actions may include: reduction in compensation, fringe

---

[3] The Court interprets the word "would" here as intending to mean "wouldn't," as she later describes that the Store Manager would not approve a transfer. R. 7 at 7.

benefits, or other financial terms of employment.") (internal citations omitted). Hickman has sufficiently alleged failure to transfer as an adverse employment action.

### 3. Harassment

Under Title VII, a plaintiff must prove that the employer created a hostile work environment by showing: "(1) [s]he was subject to unwelcome harassment; (2) the harassment was based on [her] race; (3) the harassment was severe and pervasive so as to alter the conditions of the employee's environment and create a hostile or abusive working environment; and (4) there is a basis for employer liability." *Mason v. S. Illinois Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000). To determine whether the harassment was severe and pervasive, courts consider whether "the conduct is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance." *Cole v. Board of Trustees of N. Ill. Univ.*, 838 F.3d 888, 897 (7th Cir. 2016).

Hickman alleges she was subject to harassment when she was yelled at, accused of intentionally misplacing money, and accused of taking fake coupons – all in front of customers. R. 7 at 8. She further alleges being questioned as to why she needed breaks from work (to which she is entitled) and learning that her Store Manager "coerced" store supervisors to deny her breaks unless she worked more than seven hours. *Id*. at 9. She struggled to make time for a sip of her drink or to use the restroom during her shifts due to fear of her Store Manager accusing her of taking too many breaks. *Id*. She argues policies and procedures which were either arbitrary or made up were enforced improperly to harass her. *Id*. At this stage in the

15

proceedings, Hickman has sufficiently alleged that she was subject to unwelcome harassment, that such harassment was due to her race and color, and that the harassment interfered with her ability to work because of the anxiety and uncertainty it induced. *Id*. Hickman has sufficiently alleged an adverse employment action of harassment.

### 4. Constructive Discharge

Constructive discharge constitutes an adverse employment action and is deemed to have occurred when the plaintiff shows "[s]he was forced to resign because [her] working conditions, from the standpoint of a reasonable employee, had become unbearable." *Smith v. Rosebud Farmstand*, 909 F.Supp.2d 1001, 1007-08 (N.D.Ill. Nov. 15, 2012) (citing *EEOC v. Univ. of Chicago Hosps*., 276 F.3d 326, 331 (7th Cir. 2002)). For constructive discharge based on an employer's communication or action, a reasonable employee would need to believe termination is "imminent and inevitable." *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 680 (7th Cir. 2010).

Family Dollar agues Hickman has not sufficiently stated a claim for constructive discharge, focusing on the "high bar" she must meet. R. 16 at 9 (citing *Odicho v. Swedish Covenant Hospital*, 2018 WL 1064590, *3 (N.D. Ill. Feb. 27, 2018)). While the defense is correct that Hickman faces a challenging standard, she alleges sufficient facts to survive the pleadings stage. Hickman alleges Family Dollar effectively "pushed [her] out" through reducing her hours and making her life while at work intense and difficult. R. 24 at 3, 5. She states multiple times in her complaint where, due to both the reduced hours and the treatment by her Store Manager, she believed she would be terminated from her position. *Id*. at 4 (Hickman believed her

superiors were "purposely confusing" her so she would be fired); *Id*. at 6 (stating she felt forced to look for other work because of the conditions at Family Dollar). She provides specific instances of belittlement by her Store Manager and a failure by Family Dollar to communicate when (or if) her hours would increase. *See Carlson v. CSX Transp.*, 758 F.3d 819, 829 (7th Cir. 2014) (reversing district court's finding that the plaintiff's "allegations of regular belittlement" and "unfair criticism" were insufficient to support her claim, and holding that even if the plaintiff's examples were "too 'conclusory,'" they were sufficient to survive a motion to dismiss) (internal citations omitted).

Although Hickman's examples of belittlement and mistreatment may, at summary judgment, not be sufficient to meet the "high bar" required in such a claim, the Court cannot "say so definitively at the pleading stage, which is before any evidence is required." *Carlson*, at 830. At this point, Hickman has sufficiently pled an adverse action of constructive discharge based on the reduction in hours, lack of breaks, and mistreatment by Family Dollar.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss [R. 15] is granted in part and denied in part. Plaintiff's claim for race discrimination under Title VII is dismissed as outside the scope of her EEOC charge. Plaintiff has sufficiently pled Count I for race discrimination under Section 1981, as well as Count II for color discrimination under Section 1981 and Title VII, both based on the adverse

employment actions of failure to transfer, harassment, and constructive discharge.

She has also sufficiently pled Count III for retaliation under Title VII.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: September 27, 2021